

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VESTRA LTD.,

                        Plaintiff,        08 CV

-v-

                                          **VERIFIED COMPLAINT**

TOYAS DIS TICARET AS,

                        Defendant.
------------------------------------------------------------x

        Plaintiff, VESTRA LTD. (hereinafter "VESTRA"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, TOYAS DIS TICARET (hereinafter "TOYAS") alleges upon information and belief as follows:

## JURISDICTION

        1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

        2.    At all times material hereto, Plaintiff, VESTRA, was and still is a foreign business entity duly organized and existing pursuant to the laws of Ukraine, with principal place of business at, 35 Petrenko Str., Kherson, 73025, Ukraine.

        3.    At all times material hereto, Defendant, TOYAS, was and still is a foreign business entity duly organized and existing pursuant to the laws of Turkey, with principal place of business at Ankara Asfalti, No.: 26/603, Izmir, Turkey.

## AS A FIRST CAUSE OF ACTION

4. On or about July 16, 2007, VESTRA, as manager of the M/V ANDOR, and TOYAS, as charterers, entered into a voyage charter party for the carriage of steel products in bundles from Iskenderun, Turkey to Yeisk, Russia.

5. This contract between VESTRA and TOYAS is a maritime contract consisting of a fixture recap and voyage charter party (hereinafter referred to as the "maritime contract").

6. Pursuant to the maritime contract, VESTRA and TOYAS agreed to, among other things, the payment of demurrage to VESTRA, payment of commission for brokers to VESTRA, and the arbitration of disputes arising out of the maritime contract.

7. In accordance with the maritime contract, the M/V ANDOR was delivered to TOYAS. The vessel was loaded, and proceeded to discharge its cargo according to the maritime contract.

8. Despite demands by VESTRA to TOYAS, and TOYAS promises to pay demurrage and commission to the brokers in a timely manner, TOYAS, in breach of the terms of the July 16, 2007 voyage charter party, failed to pay demurrage and the commission for the brokers of the vessel. To date, the total amount due and owing to VESTRA by TOYAS is US$29,287.00, which consists of $27,700.00 of demurrage (with accrued interest) and $1,587.00 commission due to brokers.

9. Pursuant to the terms of the maritime contract, all disputes arising there under are to be submitted to London arbitration with English law to apply. English law provides that the prevailing party is entitled to interest, costs and legal fees. As best as

can be determined at this time, interest, costs and legal fees incurred and to be incurred will be an amount of not less than US$20,000.00.

10.     Therefore, VESTRA's total claim for breach of the maritime contract against TOYAS is in the aggregate US$49,287.00

## BASIS FOR ATTACHMENT

11.     Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

12.     Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendant; effects; payments for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to, from, or for the benefit of, Defendant, TOYAS DIS TICARET AS and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank,

Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.  That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of the Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of USD $49,287.00, to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

C.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
      May 21, 2008

                                    CHALOS, O'CONNOR & DUFFY, L.L.P.
                                    Attorneys for Plaintiff
                                    VESTRA LTD.

By: _____
                                    George M. Chalos (GC-8693)
                                    366 Main Street
                                    Port Washington, New York 11050
                                    Tel: (516) 767-3600
                                    Fax: (516) 767-3605
                                    Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VESTRA LTD.,

                            Plaintiff,          08 CV

-v-

                                                  **VERIFICATION OF COMPLAINT**

TOYAS DIS TICARET AS,
                        Defendant.
------------------------------------------------------------------x

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.     I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, VESTRA LTD., herein;

      2.     I have read the foregoing Verified Complaint and know the contents thereof; and

      3.     I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

      4.     The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
May 21, 2008

                                        CHALOS, O'CONNOR & DUFFY, L.L.P.
                                        Attorneys for Plaintiff
                                        VESTRA LTD.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

2